**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| RICHARD MANUEL FEMATT, individually and on behalf himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation.<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard Manuel Fematt ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this Class Action Complaint against Defendant Allianz Life Insurance Company of North America ("Allianz" or "Defendant"). Plaintiff alleges the following upon information and belief based on and the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## INTRODUCTION

1. Plaintiff and the proposed Class Members bring this class action on behalf of all individuals who entrusted Defendant with sensitive personally identifiable information ("PII" or "Sensitive Private Information") that was compromised in a data breach publicly disclosed by Defendant in July 2025 (the "Data Breach" or the "Breach").

2. Plaintiff's claims arise from Allianz's failure to properly secure and protect the Sensitive Private Information entrusted to it, as well as its failure to uphold its duty to

safely store and transmit that information.

3. Allianz is a provider of insurance products, including auto, life, Medicare supplement, and cyber insurance policies.

4. Accordingly, Allianz owed—and continues to owe—numerous statutory, regulatory, contractual, and common law duties to Plaintiff and the Class Members, including duties arising from its affirmative representations, to keep their Sensitive Private Information confidential, safe, secure, and protected against unauthorized access or disclosure.

5. On or about July 16, 2025, an unauthorized third party gained access to Defendant's cloud-based customer relationship management ("CRM") system. In response, Defendant initiated an investigation to determine the nature and scope of the Data Breach.[1]

6. On July 26, 2025, Defendant publicly reported the Data Breach to the Office of the Maine Attorney General.[2]

7. Upon information and belief, the following types of Sensitive Private Information were impacted as a result of the Data Breach: full names, Social Security numbers, policy and contract numbers, dates of birth, mailing addresses, phone numbers, and mail addresses.[3]

---

[1] https://www.cm-alliance.com/cybersecurity-blog/allianz-life-data-breach-2025-timeline-impact-and-analysis (last visited Aug. 3, 2025).

[2] https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/0446bff3-a013-43ed-82fa-bca6bb157de1.html (last visited Aug. 3, 2025).

[3] FN 1, *supra*.

8. Allianz owed Plaintiff and the Class Members a duty to take all reasonable and necessary measures to safeguard the Sensitive Private Information it collected from unauthorized access or disclosure. Despite soliciting, collecting, utilizing, and deriving benefit from this sensitive information, Allianz breached its duty by failing to implement and maintain adequate data security practices and protocols.

9. However, Allianz failed to take precautions designed to keep individuals' Sensitive Private Information secure.

10. The sensitive nature of the information compromised in the Data Breach underscores that Plaintiff and the Class Members have suffered irreparable harm. As a result of Allianz's failure to safeguard their data, they have lost control over their Sensitive Private Information and now face a significantly heightened risk of identity theft, fraud, and other misuse.

11. Allianz failed to implement reasonable security procedures and practices appropriate to the sensitivity of the unencrypted Sensitive Private Information it maintained on behalf of Plaintiff and the Class Members. As a result of this failure, Plaintiff and Class Members' Sensitive Private Information was exposed in the Data Breach.

12. As a direct result of Allianz's inadequate data security measures and deficient breach notification process, Plaintiff and the Class Members' Sensitive Private Information was exposed to unauthorized third parties, including cybercriminals. Consequently, Plaintiff and Class Members have suffered—and will continue to suffer—various forms of harm, including: financial losses resulting from the misuse of their Sensitive Private Information; loss or diminution in the value of their Sensitive Private Information; time

and effort spent detecting, preventing, and mitigating identity theft and fraud; and the theft of personal and financial information.

13. Plaintiff brings this action on behalf of all individuals whose Sensitive Private Information was compromised due to Allianz's failure to: (i) adequately safeguard the Sensitive Private Information of Plaintiff and the Class Members; (ii) disclose or warn of its inadequate information security practices; (iii) properly secure systems and devices containing protected Sensitive Private Information using reasonable security measures free from known vulnerabilities; and (iv) provide timely and adequate notice of the Data Breach. Allianz's conduct constitutes, at a minimum, negligence and violates applicable federal and state laws designed to protect consumer data and privacy.

14. Accordingly, Plaintiff brings this action individually and on behalf of a nationwide class of similarly situated individuals against Allianz for negligence, negligence per se, unjust enrichment, and breach of implied contract. Plaintiff seeks actual and statutory damages, attorneys' fees, costs, and expenses, as well as appropriate injunctive and declaratory relief.

15. Plaintiff and the Class Members seek to remedy the harms they have suffered and to prevent future data breaches on behalf of themselves and all similarly situated individuals whose personal information was compromised and stolen as a result of the Data Breach—and who remain at ongoing risk due to Allianz's inadequate data security practices.

## PARTIES

16. Plaintiff is a citizen and resident of Lake Elsinore, California.

17. Defendant Allianz is a stock insurance corporation with its principal place of business located at 5701 Golden Hills, Drive, Minneapolis, MN 55416. Defendant conducts business through this District, the State of Minnesota, and the United States.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs. Upon information and belief, the number of Class Members is numerous, with many members of whom have different citizenship from Defendant, including Plaintiff. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

19. This Court has personal jurisdiction because Defendant maintains its principal place of business in this District, regularly conduct business in this District, and has sufficient minimum contacts in this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because a substantial part of the events giving rise to this action occurred in this District. Moreover, Defendant is domiciled in this District and maintains Plaintiff's and Class Members' Sensitive Private Information in this District.

## FACTUAL ALLEGATIONS

### A. Allianz's Business Operations and Involvement in the Data Breach

21. Allianz is an insurance company that provides a comprehensive range of

insurance products and services and annuities to its clients.

22. In the course of providing its services, Allianz requires individuals to disclose Sensitive Private Information, including, inter alia, full names, addresses, Social Security numbers, driver's license or state identification numbers, and financial account or payment card information. This information is collected from both customers and employees to facilitate Allianz's business operations and service administration.

23. Allianz collected and stored the Sensitive Private Information of Plaintiff and the proposed Class Members on its information technology systems and networks.

24. Allianz made promises and representations to individuals,' including Plaintiff and Class Members, that the Sensitive Private Information collected from them would be kept safe and confidential, and that the privacy of that information would be maintained.

25. Plaintiff and Class Members provided their Sensitive Private Information to Defendant with the reasonable expectation and on the mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

26. By collecting and storing the Sensitive Private Information of Plaintiff and the Class Members for its own financial benefit, Allianz assumed an ongoing duty to implement and maintain reasonable security measures to protect that information from unauthorized access, disclosure, or misuse by third parties.

**B. The Breach**

27. On or about, July 16, 2025, an unauthorized third party gained access to

Defendant's cloud-based CRM system.[4] In response, Defendant launched an investigation to determine the nature and scope of the Data Breach.[5]

28. On July 26, 2025, Defendant publicly reported the Data Breach to the Office of the Maine Attorney General.[6]

29. Upon information and belief, the following types of Sensitive Private Information were impacted as a result of the Data Breach: full names, Social Security numbers, policy and contract numbers, dates of birth, mailing addresses, phone numbers, and mail addresses.[7]

30. Individuals affected by the Data Breach continue to face an ongoing risk that their data will be sold or posted on the dark web and ultimately used for illegal purposes.

**C. Allianz's Failure to Prevent, Detect, and Promptly Disclose the Data Breach**

31. Allianz admits that an unauthorized third party gained access to its IT network. Despite the known risks of cyberattacks, Allianz failed to implement reasonable and adequate security measures to prevent unauthorized access and protect individuals' Sensitive Private Information.

32. The Sensitive Private Information that Allianz allowed to be exposed in the Data Breach consists of the very types of information that Allianz knew or should have

---

[4] FN 1, *supra*.
[5] *Id.*
[6] https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/0446bff3-a013-43ed-82fa-bca6bb157de1.html (last visited Aug. 4, 2025).
[7] https://www.cm-alliance.com/cybersecurity-blog/allianz-life-data-breach-2025-timeline-impact-and-analysis (last visited Aug. 4, 2025).

known were prime targets for cyberattacks.

33. Despite its awareness of the inherent risks of cyberattacks—and in disregard of the FTC's data security principles—Allianz failed to disclose that its own systems and security practices, as well as those of its third-party vendors, were inadequate to reasonably safeguard individuals' Sensitive Private Information.

34. The FTC instructs businesses to implement intrusion detection systems to identify breaches as soon as they occur, monitor for attempted cyberattacks, and maintain an immediate response plan in the event of a breach. Prompt notification of a Data Breach is critical to enable affected individuals to take timely steps to protect themselves.

**D. Ongoing and Future Harm Resulting from the Data Breach**

35. Victims of data breaches are at heightened risk of identity theft. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." 17 C.F.R. § 248.201(9). Once identity thieves obtain such personal information, they can drain bank accounts, accumulate charges on credit cards, open new utility accounts, or even obtain medical treatment using the victim's health insurance."[8]

36. Plaintiff and Class Members face a significant and ongoing risk of identity theft as a result of the compromise of their Sensitive Private Information in the Data Breach.

37. Stolen Sensitive Private Information is often trafficked on the "dark web," a

[8] *Prevention and Preparedness*, New York State Police, https://troopers.ny.gov/prevention-and-preparedness (last visited Aug. 4, 2025).

heavily encrypted part of the Internet that is not accessible via traditional search engines. Law enforcement has difficulty policing the "dark web" due to this encryption, which allows users and criminals to conceal their identities and online activity.

38. When malicious actors infiltrate companies and exfiltrate the Sensitive Private Information they store, that stolen data frequently appears on the dark web, where it is bought and sold for profit by other bad actors.[9]

39. For example, when the U.S. Department of Justice announced its 2017 seizure of AlphaBay—the largest online "dark market" at the time—the site contained over 350,000 listings, many of which involved stolen or fraudulent documents capable of being used to assume another person's identity. Even after AlphaBay's shutdown, similar dark web marketplaces continue to thrive and remain "awash with [PII] belonging to victims from countries all over the world."[10]

40. PII remains of high value to criminals, as evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200. Criminals can also purchase access to entire company data breaches from $900 to $4,500.[11]

---

[9] *Shining a Light on the Dark Web with Identity Monitoring*, IDENTITYFORCE (Dec. 28, 2020) https://www.identityforce.com/blog/shining-light-dark-web-identity-monitoring (last visited Aug. 4, 2025).

[10] *Stolen PII & Ramifications: Identity Theft and Fraud on the Dark Web*, ARMOR (April 3, 2018), https://res.armor.com/resources/blog/stolen-pii-ramifications-identity-theft-fraud-dark-web/ (last visited Aug. 4, 2025).

[11] Bryan Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015) https://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millions-

41. As a result of the Data Breach, the Sensitive Private Information of Plaintiff and Class Members has been exposed to criminals for misuse. The injuries suffered by Plaintiff and Class Members, or likely to be suffered as a direct result of Defendant's Data Breach, include: (a) theft of their Sensitive Private Information; (b) costs associated with the detection and prevention of identity theft; (c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of this Breach; (d) invasion of privacy; (e) the emotional distress, stress, nuisance, and annoyance of responding to, and resulting from, the Data Breach; (f) the actual and/or imminent injury arising from actual and/or potential fraud and identity theft resulting from their personal data being placed in the hands of the ill-intentioned hackers and/or criminals; (g) damage to and diminution in value of their personal data entrusted to Defendant with the mutual understanding that Defendant would safeguard their Sensitive Private Information against theft and not allow access to and misuse of their personal data by any unauthorized third party; and (h) the continued risk to their Sensitive Private Information, which remains in the possession of Defendant, and which is subject to further injurious breaches so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff and Class Members' Sensitive Private Information.

42. In addition to a remedy for economic harm, Plaintiff and Class Members maintain an interest in ensuring that their Sensitive Private Information is secure, remains

---

worrying-about-identity- theft (last visited Aug. 4, 2025).

secure, and is not subject to further misappropriation and theft.

43. Defendant disregarded the rights of Plaintiff and Class Members by (a) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers, and those belonging to its third-party vendors, were protected against unauthorized intrusions; (b) failing to disclose that they did not have adequately robust security protocols and training practices in place to safeguard Plaintiff and Class Members' Sensitive Private Information; (c) failing to take standard and reasonably available steps to prevent the Data Breach; (d) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (e) failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Breach.

44. The actual and adverse effects to Plaintiff and Class Members, including the imminent, immediate, and continuing increased risk of harm for identity theft, identity fraud and/or medical fraud directly or proximately caused by Defendant wrongful actions and/or inaction and the resulting Data Breach require Plaintiff and Class Members to take affirmative acts to recover their peace of mind and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts, for which there is a financial and temporal cost. Plaintiff and other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

**E. Plaintiff's Experience**

45. Plaintiff is a former policyholder of Defendant Allianz.

46. As a condition of receiving services and benefits from Defendant, Plaintiff was required to supply Defendant with his Sensitive Private Information—including his name, date of birth, Social Security number, driver's license or state identification number, address, phone number, and email address.

47. On information and belief, Defendant was in possession of Plaintiff's Sensitive Private Information before, during and after the Data Breach.

48. Plaintiff reasonably understood and expected that Defendant would safeguard his Sensitive Private Information and timely and adequately notify his in the event of a data breach. Plaintiff would not have allowed Defendant, or anyone in Defendant's position, to maintain his Sensitive Private Information if she believed that Defendant would fail to implement reasonable and industry standard practices to safeguard that information from unauthorized access.

49. Plaintiff values his privacy and Sensitive Private Information and takes reasonable steps to maintain the confidentiality of his Private Information. Plaintiff is genuinely concerned about identity theft and fraud, as well as the consequences of such identity theft and fraud resulting from the Data Breach.

50. Plaintiff stores all documents containing Private Information in a secure location and destroys any documents she receives in the mail that contain any Private Information or that may contain any information that could otherwise be used to compromise his identity and credit card accounts. Moreover, she diligently chooses unique

usernames and passwords for his various online accounts.

51. As a result of the Data Breach, Plaintiff has spent considerable time researching the Data Breach, reviewing his bank accounts, monitoring his credit report, changing his passwords and other necessary mitigation efforts. This is valuable time that Plaintiff spent at that she otherwise would have spent on other activities, including but not limited to work and/or recreation.

52. The Data Breach has caused Plaintiff to suffer fear, anxiety, and stress.

53. Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach. In addition, Plaintiff will continue to be at present and continued increased risk of identity theft and fraud for years to come.

54. Plaintiff has an ongoing and legally cognizable interest in ensuring that his Private Information— which, upon information and belief, remains in Defendant's possession—is properly safeguarded and protected against future unauthorized access, disclosure, or breaches.

55. As a direct and proximate result of the Data Breach, Plaintiff has suffered actual injuries and damages following the compromise and theft of his Private Information, including but not limited to:

(a) lost time and out-of-pocket expenses related to monitoring his financial accounts, credit reports, and other personal records for fraudulent activity;

(b) loss of privacy resulting from unauthorized access to and theft of his Private

Information by cybercriminals;

(c) loss of the benefit of the bargain, as Defendant failed to implement reasonable data security measures to protect his Private Information, as promised or implied;

(d) emotional distress and anxiety stemming from the knowledge that identity thieves possess his sensitive personal information;

(e) imminent and substantial risk of future harm, including fraud and identity theft, as his stolen Private Information is likely circulating on the dark web;

(f) diminution in the value of his Private Information, a form of intangible property that Defendant collected and failed to safeguard; and

(g) other economic and non-economic losses, the full extent of which will be established at trial.

## CLASS ALLEGATIONS

56. Plaintiff brings this class action, individually and on behalf of the following Nationwide Class:

> **All individuals residing in the United States whose Sensitive Private Information was compromised in the data breach publicly announced by Allianz Life Insurance Company of North America in July 2025 (the 'Class').**

57. Specifically excluded from the Class are: Defendant; its officers, directors, agents, trustees, parent companies, subsidiaries, affiliates, legal representatives, predecessors, successors, assigns, partners, joint venturers, and any entities it controls; as well as the judge assigned to this action and any member of the judge's immediate family.

58. Plaintiff reserves the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

59. This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

60. Numerosity: Plaintiff is informed and believes, and thereon alleges, that there are at minimum, over a thousand members of the Class described above. The exact size of the Class and the identities of the individual members are identifiable through Erie's records, including but not limited to, the files implicated in the Data Breach.

61. Typicality of Claims: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, had his Sensitive Private Information compromised as a result of the Data Breach. Plaintiff is a member of the Class, and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to the harm suffered by all other Class Members, which was caused by the same misconduct by Defendant.

62. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

63. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual

litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for their wrongdoing as asserted herein.

64. Predominant Common Questions: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including:

a. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

b. Whether Defendant's data security systems, and those belonging to its third-party vendors, prior to and during the Data Breach complied with applicable data security laws and regulations;

c. Whether Defendant's storage of Plaintiff and Class Member's Sensitive Private Information was done in a negligent manner;

d. Whether Defendant had a duty to protect and safeguard Plaintiff and Class Members' Sensitive Private Information;

e. Whether Defendant's conduct was negligent;

f. Whether Defendant's conduct violated Plaintiff and Class Members' privacy;

g. Whether Defendant's conduct violated the statutes as set forth herein;

h. Whether Defendant's took sufficient steps to secure individuals' Sensitive Private Information;

i. Whether Defendant was unjustly enriched; and

j. The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

65. Information concerning Defendant's policies are available from Defendant's records.

66. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

67. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

68. Because Defendant has failed to implement any meaningful changes to its conduct or data security practices following the Data Breach, monetary damages alone are inadequate. As a result, Plaintiff lacks a full and adequate remedy at law and requires equitable relief to ensure the protection of his Sensitive Private Information going forward.

**COUNT I**
**NEGLIGENCE**
**(On Behalf of Plaintiff and the Class)**

69. Plaintiff re-alleges and incorporates by reference all preceding allegations, as if fully set forth herein.

70. Plaintiff brings this claim individually and on behalf of the Class Members.

71. Allianz knowingly collected, obtained, and maintained the Sensitive Private Information of Plaintiff and Class Members, and had a duty to exercise reasonable care in safeguarding, securing, and protecting that information from compromise, loss, theft, misuse, and/or unauthorized disclosure.

72. Allianz had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff and Class Members' Sensitive Private Information.

73. Allianz had, and continues to have, a duty to timely disclose that Plaintiff and Class Members' Sensitive Private Information within their possession was compromised and precisely the types of information that were compromised.

74. Allianz owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, and other requirements discussed herein, and to ensure that its systems and networks, those belonging to its third-party vendors, and the personnel responsible for them, adequately protected individuals' Sensitive Private Information.

75. Allianz's duty to implement reasonable security measures arose from the

special relationship it had with Plaintiff and Class Members. Allianz was in a unique position to ensure that its own systems—and those of its third-party vendors—were adequately secured to protect against the foreseeable risk of harm to Plaintiff and Class Members resulting from a data breach.

76. Allianz's duty to use reasonable care in protecting Sensitive Private Information arose not only from the statutes and regulations referenced above, but also from its obligation to adhere to industry standards requiring the protection of confidential data.

77. Allianz breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff and Class Members' Sensitive Private Information.

78. Allianz's negligence is evidenced by, among other things, the following acts and omissions:

a. Failing to adopt, implement, and maintain reasonable and adequate security measures to safeguard the Sensitive Private Information of Plaintiff and Class Members.

b. Failing to properly monitor its systems and networks for potential security vulnerabilities and unauthorized access; and

c. Failing to regularly evaluate and update its data security protocols to ensure the continued effectiveness of safeguards necessary to protect against foreseeable cyber threats.

79. Allianz, through its acts and omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and securing their Sensitive Private Information while it was within Allianz's possession and control.

80. Allianz, through its acts and omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to implement appropriate procedures to detect, prevent, and mitigate the unauthorized dissemination of their Sensitive Private Information.

81. Allianz, through its actions and/or omissions, unlawfully breached its duty to timely notify Plaintiff and Class Members that their Sensitive Private Information in Allianz's possession may have been compromised, including the specific types of information affected.

82. Allianz breached its duties under 15 U.S.C. § 45, the Federal Trade Commission's guidelines, the National Institute of Standards and Technology's Framework for Improving Critical Infrastructure Cybersecurity, and other applicable industry standards. In violation of 15 U.S.C. § 45, Defendant failed to implement appropriate data security measures necessary to adequately and reasonably protect the Sensitive Private Information of Plaintiff and Class Members. Additionally, in violation of the FTC guidelines, among other deficiencies, Defendant failed to: (i) adequately safeguard the Sensitive Private Information it maintained; (ii) properly dispose of personal information no longer needed; (iii) encrypt sensitive data stored on its computer networks; (iv) understand and monitor vulnerabilities within its systems; and (v) adopt and enforce

policies and procedures to remediate known security risks.

83. It was reasonably foreseeable that Defendant's failure to implement adequate security measures to protect the Sensitive Private Information of Plaintiff and Class Members would result in harm. Moreover, the risk of a data breach was particularly foreseeable in light of the well-documented and increasing prevalence of cyberattacks and data breaches targeting entities that collect and store sensitive personal information.

84. It was entirely foreseeable that Defendant's failure to adequately safeguard the Sensitive Private Information of Plaintiff and Class Members would cause them harm.

85. Defendant's breach of duties owed to Plaintiff and Class Members caused Plaintiff and Class Members' Sensitive Private Information to be compromised.

86. But for Defendant's negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Sensitive Private Information would not have been compromised.

87. As a result of Defendant's failure to timely notify Plaintiff and Class Members that their Sensitive Private Information had been compromised, Plaintiff and Class Members are unable to take the necessary precautions to mitigate damages by preventing future fraud.

88. As a direct result of Defendant's negligence and breach of its duties, Plaintiff and Class Members face an imminent and continuing risk that their Sensitive Private Information—now in the hands of unauthorized third parties—will be used for fraudulent purposes. Plaintiff and Class Members have already suffered, and will continue to suffer, damages including: a significantly increased risk of identity theft; the compromise,

publication, and theft of their personal information; loss of time and out-of-pocket expenses associated with preventing, detecting, and recovering from the unauthorized use of their data; the ongoing threat to the security of their Sensitive Private Information; future costs in terms of time, effort, and financial resources required to mitigate the effects of the Data Breach; and overpayment for products or services that were provided without the promised or reasonably expected level of data security.

**COUNT II**
**NEGLIGENCE**
***PER SE***
**(On Behalf of Plaintiff and the Class)**

89. Plaintiff re-alleges and incorporates by reference all preceding allegations, as if fully set forth herein.

90. Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, prohibits "unfair… practices in or affecting commerce," which includes, as interpreted and enforced by the FTC, a company's failure to implement reasonable measures to protect consumers' private information. Allianz's failure to employ such measures constitutes an unfair practice under the Act. In addition, various FTC publications, regulations, and enforcement actions establish the standards that form the basis of Allianz's duty to safeguard the Private Information of Plaintiff and Class Members.

91. Allianz violated Section 5 of the FTC Act—as well as analogous state consumer protection statutes—by failing to implement reasonable security measures to protect the Sensitive Private Information of Plaintiff and Class Members and by failing to adhere to established industry standards for data protection.

92. Allianz's conduct was particularly unreasonable given the sensitive nature and volume of the Sensitive Private Information it collected and stored, as well as the foreseeable consequences of a data breach involving its systems or those of its third-party vendors.

93. Plaintiff and Class Members are consumers within the class of individuals that Section 5 of the FTC Act—and comparable state statutes—were specifically designed to protect from unfair and deceptive practices by companies like Allianz.

94. Moreover, the harm suffered by Plaintiff and Class Members is precisely the type of injury that the FTC Act—and similar state statutes—was enacted to prevent. Indeed, the FTC has initiated more than fifty enforcement actions against businesses whose failure to implement reasonable data security measures and to avoid unfair or deceptive practices resulted in harms identical to those experienced by Plaintiff and Class Members.

95. As a direct result of Allianz's negligence per se, Plaintiff and Class Members have suffered actual harm and damages, including but not limited to: losses stemming from identity theft and fraud; out-of-pocket expenses for identity protection and restoration services; an increased risk of future identity theft and fraud along with the associated costs; and the expenditure of time and effort spent monitoring, mitigating, and remedying both the immediate and ongoing consequences of the Data Breach.

**COUNT III**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

96. Plaintiff re-alleges and incorporates by reference all preceding allegations, as if fully set forth herein.

97. Plaintiff and Class Members conferred a benefit on Allianz by providing their Sensitive Private Information, which Allianz collected, stored, and maintained.

98. Allianz knowingly accepted and appreciated the benefits conferred by Plaintiff and Class Members through the collection, storage, and use of their Sensitive Private Information, from which Allianz derived value and advantage.

99. Under principles of equity and good conscience, Allianz should not be permitted to retain the full value of Plaintiff and Class Members' Sensitive Private Information, particularly given its failure to adequately safeguard that information. Plaintiff and the proposed Class would not have entrusted Allianz with their Sensitive Private Information had they known it would not be properly protected.

100. Allianz should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable profits it obtained as a result of its misconduct and the Data Breach it caused.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

101. Plaintiff re-alleges and incorporates by reference all preceding allegations, as if fully set forth herein.

102. Plaintiff and the Class provided and entrusted their Sensitive Private Information to Allianz as part of Allianz's ordinary course of business.

103. By providing their Sensitive Private Information, Plaintiff and the Class entered into implied contracts with Allianz, under which Allianz agreed to safeguard and protect such information, maintain its security and confidentiality, and promptly and

accurately notify Plaintiff and the Class in the event their data was breached, compromised, or stolen. Implied in these exchanges was Allianz's promise to ensure the security of Plaintiff and Class Members' Sensitive Private Information entrusted to its care.

104. Pursuant to these implied contracts, Plaintiff and Class Members provided their Sensitive Private Information to Allianz. In exchange, Allianz agreed—and Plaintiff and the Class reasonably understood—that Allianz would: (1) provide services to Plaintiff and Class Members; (2) take reasonable measures to safeguard the security and confidentiality of their Sensitive Private Information; and (3) protect their Sensitive Private Information in compliance with all applicable federal and state laws, regulations, and industry standards.

Implied in these exchanges was Allianz's promise to use Plaintiff and Class Members' Sensitive Private Information solely for the purposes agreed upon and to take adequate measures to protect the security and confidentiality of that information.

105. A material term of this contract was Allianz's covenant to take reasonable efforts to safeguard Plaintiff and Class Members' Sensitive Private Information. Allianz breached this covenant by permitting unauthorized access to that information in the Data Breach.

106. Implicit in the agreement between Allianz and Plaintiff and Class Members was the mutual obligation to maintain the confidentiality and security of their information

107. These exchanges constituted an agreement and meeting of the minds between the

parties.

108. When the parties entered into the agreement, mutual assent was established. Plaintiff and Class Members would not have disclosed their Sensitive Private Information to Allianz absent the expectation of receiving Allianz's services. Conversely, Allianz would not have collected Plaintiff and Class Members' Sensitive Private Information without the intent to provide such services.

109. Accordingly, Allianz was obligated to reasonably safeguard and protect the Sensitive Private Information of Plaintiff and Class Members from unauthorized disclosure and misuse.

110. Plaintiff and Class Members would not have entrusted their Sensitive Private Information to Defendant in the absence of their implied contracts with Defendant and would have instead retained the opportunity to control their Sensitive Private Information.

111. Allianz breached the implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff and Class Members' Sensitive Private Information.

112. Allianz's failure to implement adequate measures to protect the Sensitive Private Information of Plaintiff and Class Members breached the fundamental purpose of the agreement between the parties.

113. As a proximate and direct result of Allianz's breaches of its implied contracts with Plaintiff and Class Members, Plaintiff and Class Members have suffered the damages detailed above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

**(a)** For an order determining that this action may be properly maintained as a class action and certifying Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

**(b)** For a declaratory judgment that Defendant's conduct violates the laws referenced herein;

**(c)** For judgment in favor of Plaintiff and the Class on all claims asserted herein;

**(d)** For damages in amounts to be determined at trial;

**(e)** For statutory damages or penalties to the extent permitted by law;

**(f)** For pre-judgment interest on all awarded amounts;

**(g)** For an order requiring restitution and all other appropriate monetary relief; and

**(h)** For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: August 5, 2025

*/s/ Brian C. Gudmundson*
Brian Gudmundson (MN Bar No. 0336695)
Michael J. Laird (MN Bar No. 0398436)
Madison M. DeMaris (MN Bar No. 0403467)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
madison.demaris@zimmreed.com

`

Sabita Soneji*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW
Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
*soneji@tzleagal.com*

*Attorneys for Plaintiff and the Proposed Classes*

**pro hac vice application forthcoming*